May Term,
1835.

Coons *v.* Thompson.

Coons
v.
Thompson.

The deposition of a prosecuting attorney of one of the Circuits was taken, under the statute, to be read in evidence on the trial of a cause in another Circuit, if the witness should not be able to attend. *Held,* that the circumstance that the official duties of the witness, at the time of the trial, required his attendance at a different place from that of the trial, was *prima facie* sufficient to authorise the admission of the deposition.

ERROR to the *Johnson* Circuit Court.

*Monday,*
*May 25.*

Blackford, J.—Trover by *Coons* against *Thompson.* Plea, not guilty. The cause was submitted to the Court without a jury. On the trial, the defendant offered in evidence the deposition of *W. J. Brown,* the prosecuting attorney of a different Circuit from that in which this case was tried. The time fixed by law for the sitting of the Circuit Court, in one of the counties of the Circuit in which Mr. *Brown* was prosecuting attorney, was the same with the time when the trial in the cause under consideration took place. The plaintiff objected to the admission of the deposition. The Circuit Court overruled the objection, and the deposition was read. Judgment for the defendant.

The only error assigned is, that the deposition was improperly admitted. The ground relied on against the admission of the deposition is, that Mr. *Brown's* office did not show his inability to attend in person to give evidence.

The statute on the subject is, that when it appears that a witness is unable by age, sickness, *or otherwise,* to attend the Court, the deposition of the witness may be taken to be read in evidence on the trial, if the witness himself should not be able to attend. Rev. Code, 1831, p. 407. It appears to us, that the facts sufficiently show that the witness was unable to attend at the trial of this cause. At the time of the trial, Mr. *Brown's* office required his personal attendance at a different place from that of the trial. That circumstance was sufficient, *prima facie,* to authorise the admission of the deposition.

On the trial of Col. *Burr,* the defendant moved for a *subpœna duces tecum* to the President of the *United States.* The Court granted the motion; but intimated that if the President's duties demanded his attention at the time of the trial, he would be excused for not attending to the *subpœna.* 1 Burr's Trial, 124.

In the case before us, Mr. *Brown's* duties required his presence at a different Court, when his deposition was offered; and it

must be presumed, from what appears in the record, that the witness was unable to attend at the time of this trial. The case is therefore within the statute, and authorises the admission of the deposition.

May Term, 1835.

The Court in *North-Carolina* says, that it is the common practice to receive the depositions of all such public officers, whose duties oblige them to attend at a particular place. *Mushrow* v. *Graham*, 1 Hayw. 361. 3 Amer. Dig. 225.

We consider that the Circuit Court, in admitting Mr. *Brown's* deposition, decided correctly.

*Per Curiam.*—The judgment is affirmed with costs.

*P. Sweetser*, for the plaintiff.

*C. Fletcher* and *W. W. Wick*, for the defendant.